TOBIAS, J.,
concurs.
hi respectfully concur in the decision of the majority. Based upon the record established before the Board of Zoning Adjustments (“BZA”), the trial court erred in reversing the BZA’s decision. I write separately to note that in my view, the New Orleans Comprehensive Zoning Ordinance (“CZO”) envisions situations such as that currently before us. Section 3.2E of the CZO states:
1. An application for a zoning text or map amendment, conditional use, planned development, or variance that has been denied will not be reviewed or heard within two (2) years of the date of denial unless substantial new evidence is available or a significant mistake of law or of fact affected the prior denial. The official charged with receiving applications in Table 3-1 shall decide whether the subsequent application is appropriate for resubmittal before expiration of the two (2) year wait requirement.
2. An application resubmitted earlier than two (2) years from the date of denial shall include a detailed statement of the grounds justifying its consideration.
3. Unless substantial new evidence is available or a significant mistake of law *529 or fact affected the prior denial, the official shall return the application to the applicant and it shall not be docketed.
4. The limitations of this section do not apply in the following instances:
a. When the City initiates the application.
b. When the Board of Zoning Adjustments has denied the application without prejudice.